ORIGINAL

AO 93C  (08/18)  Warrant by Telephone or Other Reliable Electronic Means

☐ Original          ☐ Duplicate Original

# UNITED STATES DISTRICT COURT
### for the
### District of Oregon

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched*<br>*or identify the person by name and address)*<br>Information associated with the cellular telephone<br>assigned call number (541) 300-7207 that is stored at<br>premises controlled by T-Mobile | )<br>)<br>)<br>)<br>)<br>)<br>)    Case No. **3:26-mc-00766** |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____ Western _____ District of _____ Washington _____ *(identify the person or describe the property to be searched and give its location)*:

Information associated with (541) 300-7207 stored at premises controlled by T-Mobile as described in Attachment A hereto.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

The information and items set forth in Attachment B hereto.

**YOU ARE COMMANDED** to execute this warrant on or before _____ August 13, 2026 _____ *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.    ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____ U.S. Magistrate Judge Jolie A. Russo, via Clerk _____ .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*    ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued:     July 30, 2026 at **3:40 pm**

*Judge's signature*

City and state:     Portland, Oregon

Jolie A. Russo, United States Magistrate Judge
*Printed name and title*

AO 93C  (08/18) Warrant by Telephone or Other Reliable Electronic Means (Page 2)

<table>
<tr><td colspan="3" align="center">**Return**</td></tr>
<tr>
<td>Case No.:<br>3:26-mc-00766</td>
<td>Date and time warrant executed:<br>August 3, 2026   9:54 AM</td>
<td>Copy of warrant and inventory left with:<br>T-Mobile</td>
</tr>
<tr>
<td colspan="3">Inventory made in the presence of :   SA Taylor</td>
</tr>
<tr>
<td colspan="3">Inventory of the property taken and name(s) of any person(s) seized:

- Subscriber information for 541-300-7207
- Records of user activity
- Information about each communication sent or received by the Account
- Cell tower data
- Historical geo-location records — no ~~response, since~~ records available since timing advance data only retained for 30 days.

T-Mobile provided these records on August 5, 2026 at 7:32 AM</td>
</tr>
<tr><td colspan="3" align="center">**Certification**</td></tr>
<tr>
<td colspan="3">

   I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.


Date:  8/10/2026

_Executing officer's signature_

Grant Taylor, Special Agent, FBI
_Printed name and title_</td>
</tr>
</table>

## ATTACHMENT A

### Place to Be Searched

This warrant applies to records and information associated with the cellular telephone assigned call number (541) 300-7207, with International Mobile Subscriber Identity 310260402765177 ("the Account"), that are stored at premises controlled by T-Mobile USA, Inc. ("the Provider"), headquartered at 12920 SE 38th Street, Bellevue, WA 98006.

## ATTACHMENT B

### Particular Things to Be Seized

I. **Information to Be Disclosed by T-Mobile (hereinafter "Provider")**

1.      To the extent that information associated with (541) 300-7207, with International Mobile Subscriber Identity 310260402765177 (hereinafter "Account"), is within the possession, custody, or control of the Provider, including any information that has been deleted but is still available to the Provider or that has been preserved pursuant to a request made under 18 U.S.C. § 2703(f) on July 28, 2026, the Provider is required to disclose to the government the following information pertaining to the Account listed in Attachment A for the time period October 1, 2025 to November 30, 2025:

   a. The following information about the customers or subscribers of the Account:

     i. Names (including subscriber names, user names, and screen names);

     ii. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

     iii. Local and long distance telephone connection records;

     iv. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

     v. Length of service (including start date) and types of service utilized;

     vi. Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber Identity Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");

vii.   Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

viii.  Means and source of payment for such service (including any credit card or bank account number) and billing records.

b.  All records and other information (not including the contents of communications) relating to the Account, including:

1.  Records of user activity for each connection made to or from the Account, including log files; messaging logs; the date, time, length, and method of connections; data transfer volume; usernames; and source and destination Internet Protocol addresses;

2.  Information about each communication sent or received by the Account, including the date and time of the communication, the method of communication, and the source and destination of the communication (such as source and destination email addresses, IP addresses, and telephone numbers); and

3.  All data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from each cellular telephone or device assigned to the Account.

4.  All historical geo-location services/global positioning system (GPS) data/enhanced 911 (E911) records including any available ranging data [distance from tower, range to tower (PCMD/RTT/REVEAL/Historic MLTs, TrueCall, TDOA or Timing Advance Information or other similar

un-named records held by the Provider)] which may be available to the Provider.

## II.    Information to Be Seized by the Government

All information described above in Section I that constitutes evidence, fruits, and instrumentalities of violations of Title 21, U.S.C. § 841(a)(1), Distribution of a Controlled Substance, and Title 21, U.S.C. § 846, Conspiracy to Distribute Controlled Substances for the time period of October 1, 2025, to November 30, 2025, for the Account(s) listed in Attachment A.